UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| KIMBERLY GRIFFITH, | ) |
| Plaintiff, | ) |
| vs. | ) No: 4:20-cv-00175-MHC |
| OVER EASY NUMBER VII, L.P., | ) |
| Defendant. | ) |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), the parties respectfully move the Court for an order approving a settlement of Plaintiff's FLSA claims. As explained below, the proposed settlement includes payment of 100% of Plaintiff's alleged overtime back pay; liquidated damages in an amount equal to her alleged overtime back; and statutory attorney's fees and costs.

Plaintiff was employed by Defendant as a general manager at its Huddle House restaurant located in Trenton, Georgia from April of 2018 through June 27, 2020. Before January 1, 2020, Defendant properly treated Plaintiff as exempt from the overtime provisions of the FLSA pursuant to the executive exemption. See, 29 U.S.C. §213(a)(1). Beginning on January 1, 2020, the minimum weekly salary

amount for the executive exemption increased from $455 to $684.  See, 29 C.F.R. § 541.100(a)(1) (executive exemption requirement that the employee be paid on a "salary basis…at a rate of not less than $684 per week.").  Plaintiff alleges that by paying her a salary of only $575.00 per week, Defendant failed to meet the minimum salary requirement from the time that it increased on January 1, 2020, through the end of her employment on June 27, 2020.  Plaintiff further alleges that she worked overtime hours during the period in question, and is therefore owed overtime wages at a rate of one and one-half times her regular rate of pay.  See, 29 U.S.C. § 207(a)(1).

Based on Plaintiff's estimate of the number of hours she worked each week, Plaintiff's counsel has calculated that Plaintiff is owed a total of $2,873.00 in overtime back pay.  Although Defendant denies liability, it has agreed to resolve Plaintiff's claims by paying the full amount of her alleged overtime back pay totaling $2,873.00, plus liquidated damages totaling $2,873.00.  See, 29 U.S.C. § 216(b).  In addition, Defendant will separately pay Plaintiff's statutory attorney's fees in the amount of $6,825.00 and costs in the amount of $550.00.  Id.

Accordingly, Plaintiff will receive the full benefits to which she alleges he is entitled pursuant to the FLSA.  Id.  A district court may approve a settlement after determining that it is fair and reasonable.  See, e.g., Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).  Because Plaintiff will

receive full benefits, there is no question that the settlement is fair and reasonable. See, e.g., Hanks v. Racetrack Petroleum, Inc., 2011 WL 4408242, at *2 (M.D. Fla. Sept. 9, 2011) ("Full recompense is *per se* fair and reasonable.").

For the foregoing reasons, the parties respectfully move the Court for an order approving the proposed settlement, and have attached a proposed Order to this motion.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., (GA 387630)
4525 Harding Road
Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff

/s/ Timothy L. Mickel
John C. Harrison
(GA State Bar No. 333075)
Timothy L. Mickel
(GA State Bar No. 750605)

>Evans Harrison Hackett PLLC
>835 Georgia Avenue, Suite 800
>Chattanooga, TN 37402
>Phone: (423) 648-7890
>Fax: (423) 648-7987
>Email: jharrison@ehhlaw.com
>Email: tmickel@ehhlaw.com
>
>Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January, 2021, a true and correct copy of the foregoing was served via the Court's electronic filing system on John C. Harrison and Timothy L. Mickel, Evans Harrison Hackett PLLC, 835 Georgia Avenue, Suite 800, Chattanooga, TN 37402.

>/s/ R. Scott Jackson, Jr.
>R. Scott Jackson, Jr